UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Case No. 20-40851

MARK ANTHONY PEEK,  Chapter 13
and SUSAN ELIZABETH PEEK,

Judge Thomas J. Tucker

Debtors.
_____/

**OPINION AND ORDER DENYING CREDITOR'S MOTION
FOR RELIEF FROM FEBRUARY 18, 2020 VALUATION ORDER**

This case is before the Court on the motion entitled "Motion of Santander Consumer USA Inc. for Relief From Order Establishing 'Crammed Down' Value of Collateral of Santander Consumer USA Inc.," filed on April 22, 2020 (Docket # 43, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's February 18, 2020 Order entitled "Order Establishing 'Crammed Down' Value of Collateral of Santander Consumer USA" (Docket # 24, the "Cram Down Order"). The Court concludes that a hearing on the Motion is not necessary, and the Court will deny the Motion for the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

**Second**, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Cram Down Order.

**Third**, the Motion alleges, in effect, that the Cram Down Order was entered because of neglect or a mistake by the Creditor, namely, the "inadvertent" failure by the Creditor to file a

timely response to the Debtors' valuation motion. It is unclear from the Motion if the neglect or mistake was by the Creditor or by the Creditor's attorney, and the Motion does not explain why or how the error happened. But in any event, any neglect or mistake by the Creditor's attorney must be deemed attributable to the Creditor, for purposes of determining whether there was excusable neglect or mistake. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable") (italics in original).

The allegations of the Motion do not demonstrate a mistake or neglect by the Creditor or by the Creditor's attorney that is excusable. Under the circumstances, the type of mistake or neglect that is alleged in this case is not "excusable neglect." *See, e.g., Symbionics, Inc. v. Ortlieb*, 432 Fed. App'x. 216, 220 (4th Cir. 2011) (holding "that the district court abused its discretion when it determined that . . . counsel's computer calendaring error constituted excusable neglect"); *In re Bonfiglio*, No. 18-8004, 2018 WL 5295879, at *5 (B.A.P. 6th Cir. Oct. 24, 2018) (holding that a litigation error (failing to respond to a motion to avoid a lien which resulted in lien avoidance) was not "excusable neglect").

In *Bonfiglio*, for example, the Sixth Circuit Bankruptcy Appellate Panel held that:

> "'case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).'" *Barron v. Univ. of Mich.*, 613 F. App'x. 480, 487 (6th Cir. 2015) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)).

2018 WL 5295879, *at* *4.

In the *Symbionics* case, the United States Court of Appeals for the Fourth Circuit

discussed in detail the application of the four *Pioneer* factors "to be considered in determining whether excusable neglect exists" in this type of situation. 432 Fed. App'x at 219.[1] Among other things, *Symbionics* held that the third *Pioneer* factor, which the court phrased as "the untimely party's reason for the delay," and which *Pioneer* phrased as "the reason for the delay, including whether it was within the reasonable control of the movant," is "the most important to the excusable neglect inquiry." *Id.* (citation omitted). In *Symbionics*, the Fourth Circuit held that the attorney's neglect in that case — a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar" — was not excusable neglect. *Id.* at 218, 220. After noting that "[e]xcusable neglect is not easily demonstrated, nor was it intended to be," the Fourth Circuit found as follows:

> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application — the operation of which counsel did not completely comprehend — to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, **this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past.**

---

[1] "They are: '[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.' *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489 (interpreting 'excusable neglect' in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure)."

*Id.*

*Id.* at 220 (emphasis added) (citations omitted) (internal record citation omitted).

**Fourth**, the Motion argues that the Creditor has a meritorious defense to the Debtors' valuation motion to present if relief from the Cram Down Order is granted. But the Court may not consider this issue — whether Creditor can present a meritorious defense to the Debtors' valuation motion — unless and until the Court *first* finds that there was neglect or mistake that is "excusable" under Rule 60(b)(1). *See*, *e.g.*, *In re Sharkey*, 560 B.R. 470, 472 (Bankr. E.D. Mich. 2016) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)); *Nathan v. Cavendish* (*In re Cavendish*), 608 B.R. 802, 806 n.4 (Bankr. E.D. Mich. 2019).

**Fifth**, the Motion, which was filed more than two months after entry of the Cram Down Order, is untimely. This is because (1) to the extent it is viewed as a motion for reconsideration, the Motion was not filed within 14 days after entry of the Cram Down Order, as required by L.B.R. 9024-1(a)(1) (E.D. Mich.); and (2) to the extent it is viewed as a motion under Fed. R. Civ. P. 60(b), the Court finds that the Motion was not filed "within a reasonable time," as required by Fed. R. Civ. P. 60(c)(1). The Motion alleges no reason, let alone a valid excuse, for Defendant's failure to seek relief from the Cream Down Order for so long as two months.

For the foregoing reasons,

IT IS ORDERED that the Motion (Docket # 43) is denied.

**Signed on May 7, 2020**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**